UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDA M. SEWAR,

                                  Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                  Defendant.
_____

<u>DECISION AND ORDER</u>

17-CV-6211L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On April 19, 2013, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since May 15, 2009. After that application was initially denied, plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") Michael W. Devlin on March 31, 2015. July 9, 2015, the ALJ issued a second decision, concluding that plaintiff was not disabled. (Administrative Transcript, Dkt. #8 at 29-42). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 6, 2017 (Dkt. #8 at 1-4). Plaintiff now appeals.

       The plaintiff has moved (Dkt. #7), and the Commissioner has cross moved (Dkt. #9) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below,

the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

In determining whether the ALJ's decision rest on substantial evidence, "[t]he Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel,* 198 F.3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

## II. The ALJ's Decision

Here, the ALJ found that the plaintiff had a number of impairments that, singly or in combination, constituted a severe impairment: arthritic/pain disorder of the lower back, neck and knees, varicose veins of the legs, [Type II] diabetes with neuropathy, bilateral trigger finger syndrome with carpal tunnel syndrome, asthma, sleep apnea, restless leg syndrome, obesity, depressive disorder, anxiety disorder, and psychotic disorder. (Dkt. #5 at 31). Applying the special technique to plaintiff's psychological impairments, the ALJ found that plaintiff has no more than mild restrictions in activities of daily living, no more than moderate difficulties in social functioning, no more than moderate difficulties with regard to concentration, persistence or pace, and has experienced no episodes of decompensation. (Dkt. #7 at 35-36).

The ALJ determined that plaintiff retained the RFC to perform sedentary work, except that: the claimant can occasionally lift and carry 10 pounds, and can frequently carry "10 pounds or less." She can stand or walk up to 2 hours in an 8-hour day, and sit for up to 6 hours in an 8-hour day. The claimant should never climb ropes, ladders or scaffolding, and may only occasionally climb stairs, balance, stoop, kneel, crouch and crawl. She can handle and finger frequently, and can frequently turn her head to the left or right. She should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants, as well as concentrated exposure to extreme cold or heat. The claimant can understand, remember and carry out simple instructions and tasks. She can frequently interact with coworkers and supervisors, and tolerate occasional contact with the general public. She is able to work in a low stress work environment with no supervisory duties, no independent decision-making required, no strict production quotas, and only minimal changes in work routines and processes. She is able to maintain concentration and focus for up to two hours at a time. (Dkt. #5 at 36-37).

When presented with this RFC at the hearing, vocational expert Dawn Blythe testified that claimant can perform the representative positions of addresser, document preparer, and surveillance systems monitor. (Dkt. #5 at 41).

Plaintiff's sole argument on appeal is that the ALJ erred when he stated that he gave "significant" weight to the opinion of consulting psychologist Dr. Yu-Ying Lin, but declined to expressly incorporate three of the limitations contained in that opinion into his RFC finding: moderate limitations in attention and concentration, moderate limitations in maintaining a schedule, and mild limitations in learning new tasks, all due to "stress-related problems." (Dkt. #5 at 40, 381-84). Dr. Lin nonetheless found that plaintiff's symptoms "do[] not appear to be significant enough to interfere with [plaintiff's] ability to function on a daily basis." (Dkt. #5 at 384).

First, it is "not require[d] that [the] ALJ have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983). What is required is that the ALJ explain the bases for his findings with sufficient specificity to permit meaningful review. Here, the ALJ discussed the medical opinion evidence in detail, set forth his reasoning for the weight afforded to each opinion, including that of Dr. Lin, and cited and discussed specific evidence in the record which supported each of his determinations. In discussing Dr. Lin's opinion, the ALJ made specific mention of the limitations at issue (moderate limitations in attention and concentration, maintaining a schedule, etc.), and found them to be "broadly" worded and not entirely supported by the record, which the ALJ correctly observed did not otherwise contain any evidence "that the claimant would be unable to maintain concentration/attention sufficient to perform simple work on a fulltime schedule (or that she would

4

be unable to maintain a schedule performing work as limited as that described in the above RFC)." (Dkt. #5 at 39-40). Because the ALJ's findings were fully explained and because his observation that the limitations were otherwise unsupported by the record was factually correct, I do not find that the ALJ improperly cherry-picked the record, or that he otherwise substituted his "own expertise or view of the medical proof [in place of] any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

Moreover, assuming *arguendo* that the ALJ erred when he declined to explicitly include in plaintiff's RFC moderate limitations in attention and schedule-keeping, and mild limitations in learning new tasks, that error is harmless. The RFC determined by the ALJ found that plaintiff can concentrate for up to two hours at a time, which sufficiently describes and accounts for "moderate" limitations in attention and concentration, with or without the additional limitations to simple instructions, simple tasks, no production quotas, and low-stress work that the ALJ imposed here. *See DeRosia v. Colvin*, 2017 U.S. Dist. LEXIS 149272 at *67 (W.D.N.Y. 2017); *Mitchell v. Colvin*, 2017 U.S. Dist. LEXIS 117998 at *52 (W.D.N.Y. 2017); *Miller v. Colvin*, 2015 U.S. Dist. LEXIS 39274 at *40 (W.D.N.Y. 2015); *Ross v. Colvin*, 2015 U.S. Dist. LEXIS 31984 at *28 (W.D.N.Y. 2015); *Buscemi v. Colvin*, 2014 U.S. Dist. LEXIS 134827 at *37-*38 (W.D.N.Y. 2014).

The RFC determined by the ALJ likewise accounts for moderate, stress-related difficulties in schedule-keeping and mild difficulties in learning new tasks, by limiting plaintiff to work involving simple tasks, with simple instructions, in a low stress environment, without independent decision-making or production quotas, and without more than minimal changes in work routines and processes. (Dkt. #37). *See Landers v. Colvin*, 2016 U.S. Dist. LEXIS 41117 at *11-*12 (W.D.N.Y. 2016) (limitation to simple, routine tasks accounts for limitations in attention and

concentration, performing activities within a schedule, and maintaining regular attendance); *Ross*, 2015 U.S. Dist. LEXIS 31984 at *31-*32 (limitation to simple instructions, simple decision-making, and attention and concentration for up to two hours sufficiently accounts for moderate limitations in, inter alia, performing activities within a schedule and punctuality).

As such, even if the ALJ erred in declining to explicitly incorporate all of the limitations opined by Dr. Lin into his RFC finding, that finding sufficiently accounted for such limitations, and that error was harmless.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that to the ALJ's decision is supported by substantial evidence and was not the product of legal error. Even assuming *arguendo* that the ALJ's decision not to explicitly incorporate all of the limitations identified by Dr. Lin was error, such error is harmless, and remand would serve no proper purpose. The plaintiff's motion for judgment on the pleadings (Dkt. #7) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #9) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 25, 2018.